FILED

2007 AUG 15   AM 9: 40

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTHONY LANE,<br>CDC #T-99193<br><br>                              Plaintiff,<br><br><br>vs.<br><br><br>DEPARTMENT OF CORRECTIONS, et al.,<br><br><br>                              Defendants. | Civil No.   07-1148 W (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, ASSESSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2]; AND**<br><br>**(2)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b).**<br><br>**[Doc. No. 2]** |

Plaintiff, an inmate currently incarcerated at Chuckawalla Valley Prison located in Blythe, California and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he has filed a certified copy of his Inmate Trust Account Statement which the Court has liberally construed to be a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

1  **I.     Motion to Proceed IFP**

2        Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a

3  district court of the United States, except an application for writ of habeas corpus, must pay a

4  filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to

5  prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C.

6  § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave

7  to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of

8  whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

9        Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a

10 prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account

11 statement (or institutional equivalent) for the prisoner for the six-month period immediately

12 preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account

13 statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits

14 in the account for the past six months, or (b) the average monthly balance in the account for the

15 past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C.

16 § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must

17 collect subsequent payments, assessed at 20% of the preceding month's income, in any month

18 in which the prisoner's account exceeds $10, and forward those payments to the Court until the

19 entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

20       The Court finds that Plaintiff has attached a certified copy of his trust account statement

21 pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement

22 shows that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C.

23 § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil

24 action or appealing a civil action or criminal judgment for the reason that the prisoner has no

25 assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850

26 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's

27 IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when

28 payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc.

1  No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire

2  $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the

3  Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

4  **II.     Initial Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)**

5        **A.     Standard of Review**

6        The PLRA also obligates the Court to review complaints filed by all persons proceeding

7  IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and]  accused

8  of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or

9  conditions of parole, probation, pretrial release, or diversionary program," "as soon as

10 practicable after docketing."  *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b).   Under these

11 provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion

12 thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from

13 defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Calhoun v. Stahl*, 254

14 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited

15 to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that

16 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma*

17 *pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir.

18 2000) (§ 1915A).

19       Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

20 dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is

21 frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319,

22 324 (1989).   However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court

23 reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting

24 service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *See Calhoun*,

25 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601,

26 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur

27 "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d

28 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

1    "[W]hen determining whether a complaint states a claim, a court must accept as true all

2    allegations of material fact and must construe those facts in the light most favorable to the

3    plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

4    "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at

5    1121.  In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-*

6    *Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly

7    important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In

8    giving liberal interpretation to a pro se civil rights complaint, however, the court may not

9    "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of*

10   *the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

11          As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim

12   under 42 U.S.C. § 1983.  Section 1983 imposes two essential proof requirements upon a

13   claimant:  (1) that a person acting under color of state law committed the conduct at issue, and

14   (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the

15   Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell*, 541 U.S.

16   637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985)

17   (en banc).

18   **B.      Statute of Limitations**

19          First, the Court finds that Plaintiff's Complaint is subject to sua sponte dismissal because

20   it appears from the face of Plaintiff's pleading that his claims are barred by the statute of

21   limitations.  While Congress has provided no federal statute of limitations governing section

22   1983 claims, the Supreme Court has held that federal courts should use the forum state's single

23   most appropriate statute of limitations applicable to personal injury actions for all section 1983

24   claims. *See Wilson v. Garcia*, 471 U.S. 261, 269 (1985).  Relying on *Wilson*, the Ninth Circuit

25   has found that the one-year statute of limitations of California Code of Civil Procedure § 340(3)[1]

26   ───────────────

27   ___[1] California Code of Civil Procedure § 340(3) provides a one-year statute of limitations on any
civil action for "[l]ibel, slander, assault, battery, false imprisonment, seduction, injury or death from

28   wrongful act or neglect . . . ." CAL. CIV. PROC. CODE § 340(3).  On January 1, 2003, this code section
was replaced with § 335.1 which now provides for a two-year statute of limitations for these actions.
However, the longer period found in § 335.1 is inapplicable to Plaintiff's action. *See Maldonado v.*

1    is the most appropriate. *Usher v. City of Los Angeles*, 828 F.2d 556, 558 (9th Cir. 1987);

2    *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (per curiam). Federal law,

3    however, determines when a section 1983 cause of action accrues. *Hardin v. Staub*, 490 U.S.

4    536, 543-44 (1989). Under federal law, a claim generally accrues when the plaintiff "knows or

5    has reason to know of the injury which is the basis of the action." *Elliot v. City of Union City*,

6    25 F.3d 800, 802 (9th Cir. 1996) (internal citations omitted).

7    While not entirely clear, it appears as though Plaintiff alleges that the actions by

8    Defendants which allegedly violated his constitutional rights occurred over a seven year period

9    beginning in September of 1995. Accordingly, Plaintiff's claims arose in 1995. However,

10   Plaintiff filed this action on June 25, 2007, nearly twelve years after he claims that Defendants

11   violated his constitutional rights.

12   Plaintiff does not allege any facts to suggest how or why California's one-year statute

13   of limitations might be tolled for a period of time which would make his claims timely. *See,*

14   *e.g.,* CAL. CODE CIV. P. § 352.1 (tolling statute of limitations "for a maximum of 2 years" during

15   a prisoner's incarceration); *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (finding that CAL.

16   CODE CIV. P. § 352.1 tolls a California prisoner's personal injury claims accruing before January

17   1, 1995 for two years, or until January 1, 1995, whichever occurs later, unless application of the

18   statute would result in a "manifest injustice."). Due to Plaintiff's incarceration, pursuant to *Fink*,

19   Plaintiff's claims against Defendants, accruing in 1995, would be tolled for two years.

20   California's one-year statute of limitations would then begin to run -- requiring Plaintiff to file

21   this action against these Defendants no later than September 1998. However, Plaintiff's

22   Complaint was not filed until 2007.

23   Generally, federal courts also apply the forum state's law regarding equitable tolling.

24   *Fink*, 192 F.3d at 914; *Bacon v. City of Los Angeles*, 843 F.2d 372, 374 (9th Cir. 1988). Under

25   California law, however, a plaintiff must meet three conditions to equitably toll a statute of

26   limitations: (1) he must have diligently pursued his claim; (2) his situation must be the product

27   _____

28   *Harris*, 370 F.3d 945, 955 (9th Cir. 2004) (holding that under California law, an extension of a statute of limitations will not apply to claims already barred under the prior statute of limitations unless the Legislature explicitly provides for such an extension).

1    of forces beyond his control; and (3) the defendants must not be prejudiced by the application

2    of equitable tolling. *See Hull v. Central Pathology Serv. Med. Clinic*, 28 Cal. App. 4th 1328,

3    1335 (Cal. Ct. App. 1994); *Addison v. State of California*, 21 Cal.3d 313, 316-17 (Cal. 1978);

4    *Fink*, 192 F.3d at 916. Here, however, Plaintiff has failed to plead any facts which, if proved,

5    would support the equitable tolling of his claims. *See Cervantes v. City of San Diego*, 5 F.3d

6    1273, 1277 (9th Cir. 1993).

7         **C.    Rooker Feldman Doctrine**

8         It also appears from Plaintiff's Complaint that he is seeking an Order from this Court to

9    overturn a small claims judgment entered in a state court. The *Rooker-Feldman* doctrine

10   provides that "'a losing party in state court is barred from seeking what in substance would be

11   appellate review of the state judgment in a United States District Court, based on the losing

12   party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415

13   F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)),

14   *cert. denied*, 119 S.Ct. 868 (1999); *see District of Columbia Court of Appeals v. Feldman*, 460

15   U.S. 462, 476 & 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Review

16   of state court decisions may only be conducted in the United States Supreme Court. *Feldman*,

17   460 U.S. at 476 & 486; *Rooker*, 263 U.S. at 416; *see* 28 U.S.C. § 1257.

18        The *Rooker-Feldman* jurisdictional bar applies even if the complaint raises federal

19   constitutional issues. *Feldman*, 460 U.S. at 483 n.16 & 486; *Henrichs v. Valley View*

20   *Development*, 474 F.3d 609, 613 (9th Cir. 2007). More specifically, the bar applies if the

21   challenge to the state court decision is brought as a § 1983 civil rights action alleging violations

22   of due process and equal protection. *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995);

23   *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986).

24        A complaint challenges a state court decision if the constitutional claims presented to the

25   district court are "inextricably intertwined" with the state court's decision in a judicial

26   proceeding. *Feldman*, 460 U.S. at 483 n.16. "[T]he federal claim is inextricably intertwined with

27   the state court judgment if the federal claim succeeds only to the extent that the state court

28   wrongly decided the issues before it." *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25

1  (1987)(Marshall, J., concurring); *see also Worldwide Church of God*, 805 F.2d at 891-92.

2  Because Plaintiff is requesting this Court enjoin the enforcement of a judgment entered

3  against him in state court, and he claims that the state court "abused its discretion," his claims

4  are inextricably intertwined with the state court proceedings, and are barred by the *Rooker-*

5  *Feldman* doctrine. As such, Plaintiff's Complaint as currently pleaded is subject to dismissal

6  for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) & 1915A.

7  **III.   Conclusion and Order**

8  Good cause appearing, **IT IS HEREBY ORDERED** that:

9  (1)   Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

10  (2)   The Secretary of California Department of Corrections and Rehabilitation, or his

11  designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing

12  fee owed in this case by collecting monthly payments from the trust account in an amount equal

13  to twenty percent (20%) of the preceding month's income credited to the account and forward

14  payments to the Clerk of the Court each time the amount in the account exceeds $10 in

15  accordance with 28 U.S.C. § 1915(b)(2).   ALL PAYMENTS SHALL BE CLEARLY

16  IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

17  (3)   The Clerk of the Court is directed to serve a copy of this Order on James Tilton,

18  Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883,

19  Sacramento, California, 94283-0001.

20  **IT IS FURTHER ORDERED** that:

21  (4)   Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim

22  pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i) and (iii) and 1915A(b)(1). However, Plaintiff is

23  **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First

24  Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's

25  Amended Complaint must be complete in itself without reference to the superseded pleading.

26  *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the

27  Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565,

28  567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which

1 | relief may be granted, it may be dismissed without further leave to amend and may hereafter

2 | be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-

3 | 79 (9th Cir. 1996).

4 |      (5)     The Clerk of the Court is directed to mail a § 1983 form amended complaint to

5 | Plaintiff.

6 |      **IT IS SO ORDERED.**

7 | DATED: _____8/13/07_____          _____

8 |                                                  **HON. THOMAS J. WHELAN**
                                                     **United States District Judge**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28